ROBERT MITCHELL *et al.*, Respondents, *v.* PORTER WHITE, Appellant.

St. Louis Court of Appeals, December 8, 1891.

1. **Assignment of Judgment : COSTS OF APPEAL.** If a judgment is assigned, and, on an appeal therefrom, is reversed in part and affirmed in part, and the costs of the appeal are adjudged against the appellee, the appellant in thereon paying to the assignee the part as to which there was an affirmance, is entitled to deduct the amount of these costs ; and this is so, notwithstanding that the assignee was never substituted in the place of the assignor as a party to the cause, and that the assignment was made merely as security for debts of the assignor to the assignee and others.

2. ———— : ———— : RECOVERY OF COSTS OF APPEAL. And if the costs of the appeal are in such case taxed against the appellee after the judgment has been wholly paid by the judgment debtor to the assignee, the judgment debtor is entitled to recover the amount thereof from the assignee ; and he can do so, notwithstanding that the assignee had, prior to the taxation of the costs, applied and paid out in accordance with the terms of the assignment the entire amount thus collected by him on the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Alex. Young*, for appellant.

*J. P. Vastine*, for respondents.

THOMPSON, J.—This case was submitted to the judge of the circuit court without evidence, and the court gave judgment for the plaintiff, from which the defendant prosecutes this appeal. The pleadings consist of the petition and answer.

The petition is as follows : "Plaintiff states that heretofore, to-wit, on the first day of February, 1886, a judgment was rendered in a suit, wherein John Rude

*et al.* were plaintiffs, and these plaintiffs were defendants, for, to-wit, $3,856.77 and costs, being case number 63219, and which said judgment is recorded in book 111, page 4, of the records of this court; that in due time thereafter these plaintiffs filed a motion for a new trial in said cause; that on, to-wit, February 25, the plaintiff in said suit assigned said judgment on the margin of the record to defendant, said Porter White, and that thereafter, on the third day of April, 1886, these plaintiffs, as defendants in said suit, filed their bill of exceptions therein, and appeared and were allowed an appeal from said judgment to the supreme court of Missouri; that said defendant never was substituted as the plaintiff in said suit, but that the same was prosecuted thereafter for his use and benefit in the name of the original plaintiffs; that, in order to carry said case by appeal to the supreme court aforesaid, these plaintiffs were obliged to pay to the clerk of this court the sum of, to-wit, $634.55 for a transcript fee in said case, and the sum of $10 to the clerk of the supreme court as a docket fee, aggregating the sum of $644.55; that thereafter, to-wit, at the October term, 1888, of said supreme court, said supreme court decided said case, and ordered and adjudged that these plaintiffs, the defendants therein, recover from the respondents in said case said sum of $644.55 aforesaid; and that said respondents also pay the costs of said case in the supreme court, amounting to, to-wit, the sum of $4.75. Plaintiffs further say that, although frequently demanded, the defendant herein has failed and refused to pay said sum or any part thereof. Wherefore plaintiffs pray judgment against defendant for the sum of $649.30, with interest and costs."

The answer is as follows: "Now at this day comes said defendant, and, for answer to the plaintiffs' petition, admits the recovery of the judgment therein mentioned by John Rude *et al.*, and the filing of a motion for a new trial by the defendants therein. He

also admits that the said judgment was by said John Rude *et al.* assigned on the margin of the record to this defendant; but he says that said assignment, whilst absolute on its face, was in fact as collateral security for certain debts owing by said Rude *et al.* to this defendant and other creditors of said Rude *et al.*, and was made by the said plaintiffs in said cause, so that the said judgment, which was for a partnership debt to said Rude *et al.*, might be a security to their partnership creditors, of whom this defendant was one to the extent of about $1011.50, as will be more fully hereinafter stated.    This defendant admits that the plaintiffs herein filed their bill of exceptions in said cause, and appealed said cause to the supreme court of Missouri. He also admits that he was never substituted as plaintiff in said suit, but he denies that the same was prosecuted for his use and benefit in the name of the original plaintiffs in said suit, but avers that the plaintiffs therein, having assigned said judgment to the defendant as collateral security for debts that they owed to defendant and a large number of other creditors, continued to prosecute the said cause; that the said judgment, in addition to being a money judgment, was for a mechanic's lien also, and that, on the fourth day of March, 1889, the supreme court of Missouri affirmed the said judgment as a money judgment, but reversed the same as to the mechanic's lien, and adjudged that the respondents therein, the said John Rude *et al.*, should recover the costs of appeal, etc.; that thereupon, on or about the twentieth day of March, 1889, the mandate and judgment of the supreme court of the state of Missouri was duly filed in said cause with the clerk of the circuit court of the city of St. Louis, and execution was duly issued on said judgment and placed in the hands of the sheriff of said city for collection; that thereupon the plaintiffs herein, through their attorney, came to defendant, and wanted to buy or pay said judgment,

and did, on the thirtieth day of March, 1889, pay to this defendant for himself and for the other creditors of the said Rude *et al.*, for whose benefit the said judgment had been assigned to this defendant, the full amount of the said judgment and costs paid out by the said Rude *et al.*, which amounted to $5,707.45, and at the direction of the plaintiffs herein, through their attorney and agent, this defendant on the thirtieth day of March, 1889, assigned on the margin of the record all his right, title and interest in said judgment to Albert H. Mitchell; that having received the said sum of $5,707.45 on said judgment and costs, this defendant, on the first day of April, 1889, applied the same to the payment of the debts of the said John Rude *et al.*, for the security of which the said judgment had been assigned to this defendant as follows, to-wit: To the debt of this defendant, $1,011.50; to the Bank of Commerce, $1,500; to S. F. Hayden and other creditors, the sum of $3,195.95. Defendant further says that, long after he had so paid out said money to the said creditors of said John Rude *et al.*, to-wit, on or about the fifteenth of May, 1889, the plaintiffs in this cause filed in the supreme court of Missouri a motion in said cause to modify its judgment so as to tax the costs of appeal against the said John Rude *et al.*, respondents therein, and afterwards, on the eighteenth day of November, 1889, the said supreme court modified its said judgment and adjudged that the appellants therein, the plaintiffs in this case, should recover of the said John Rude *et al.*, respondents in said court, the costs of the said appeal, and which are the same costs herein sued for by the plaintiffs, and which said order and judgment of said supreme court is still in force *inter partes.* And having fully answered, the defendant asks to be hence dismissed with his costs.

It is apparent that the question for decision may be stated thus: R recovers a judgment against M and others, and thereafter assigns it to W upon a trust to

pay a debt due by R to W, and also debts due by R to third parties. M and others appeal from the judgment, and the appeal is defended by allowing the judgment to stand in the name of R, who appears as respondent in the appeal, W not being substituted as respondent in virtue of his having become the owner of the judgment. Such proceedings are had in the appellate court that the judgment is affirmed in part and reversed in part. W thereafter collects the judgment, and with the proceeds pays the debt due to him by R and also the debts due by R to the other third parties. Thereafter the appellate court retaxes the costs of the appeal and renders judgment for them in favor of the appellants M and others and against the nominal respondent R. The question thus is whether W, who was the real owner of the judgment pending the appeal, is liable at common law to pay these costs, and if so whether he is any the less liable from the fact, that he had taken the assignment of the judgment as a mere security for himself and others, and not by way of absolute purchase. We take it that there can be no doubt upon the question. The appeal was prosecuted by M for the sole purpose of overthrowing the judgment, the legal title to which, as between R and W, had passed to W as effectually as though there had been a substitution of parties. He was, therefore, the substantial party for whom the appeal was defended; the respondent M had no beneficial interest in it, but his name remained for convenience, it may be assumed, a mere naked name of record. But beyond this, before the order taxing the costs was made, W actually collected the judgment and satisfied the debt due to him by M, and otherwise disbursed the proceeds of the judgment in pursuance of the terms of the trust upon which the judgment had been assigned to him. Now, if the order retaxing the costs of the appeal had been made prior to the time when the judgment was thus satisfied, or if the clerk of the supreme court had

properly taxed the costs in the first instance, those very costs would have been deducted from the money which M was thus obliged to pay to W in satisfaction of the judgment. It, therefore, appears that W has had all the fruits of the judgment; and it would be a strange doctrine, which would allow the assignee of a judgment to take the benefit of it without the corresponding burden. The plaintiffs, having paid to the defendant so much more money on the judgment than was actually due thereon, are entitled to recover back the excess. The fact that the excess consists of costs cuts no figure in the case one way or the other.

In so far as W may have acted as trustee for others in taking the assignment of the judgment, that may give him the right of contribution against the others, but it can have no influence upon the question of his liability at common law for the costs which have been incurred in correcting it.

The judgment will be affirmed. All the judges concur.